IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ADAM HILL**  **PLAINTIFF**
**ADC #601559**

v.                    Case No. 4:24-cv-01003-LPR-BBM

**DEXTER PAYNE, et al.**                    **DEFENDANTS**

## ORDER

The Court has received the Partial Recommended Disposition (PRD) submitted by United States Magistrate Judge Benecia B. Moore (Doc. 24) and the Plaintiff's Objections (Doc. 26). After a *de novo* review of the PRD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the PRD as its findings and conclusions in all respects.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. All claims not reasonably related to Plaintiff's participation in the PAL program are SEVERED and DISMISSED without prejudice, so that Plaintiff may pursue those claims in a separate action, if he so chooses.[2]

2. Plaintiff may proceed, for now, with his individual-capacity First Amendment retaliation claims against Defendants Pearson, Randle, McCoy, and Straughn to the extent the claims are based on Plaintiff's allegations that those Defendants removed Plaintiff from the PAL

---

[1] There are two caveats. First, the Court believes that the operative Complaint's allegations that Randle, McCoy, and Straughn were involved in Plaintiff's removal from the PAL program are enough to treat the First Amendment retaliation claims against them (based on removal from the PAL program) the same way the PRD treats the same claim against Defendant Pearson. *See, e.g.*, Doc. 7 at 45, 93, 95, and 97. Second, with respect to the preliminary relief requests, the Court is unsure of whether the PRD gets the irreparable harm analysis right. Nonetheless, the PRD is correct that the other *Dataphase* factors cut against preliminary relief. And the PRD's ultimate recommendation to deny preliminary relief is thus correct.

[2] To be clear, the claims that are reasonably related to Plaintiff's participation in the PAL program are the ones identified in the numbered list on page 11 of the PRD.

program in retaliation for filing grievances and/or lawsuits.

3.  All other claims reasonably related to Plaintiff's participation in the PAL program are DISMISSED without prejudice for failure to state a claim.[3]

4.  Plaintiff's Motions for Preliminary Injunction and Temporary Restraining Orders (Docs. 6, 11, and 21) are DENIED.

5.  Defendants Payne, Richard, Parker, WellPath Medical Corporation, Williams, Ball, Reed, Brown, Owen, Powell, Ryles, and Owens are TERMINATED as parties to this action.

6.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this Order would be frivolous and not taken in good faith.

IT IS SO ORDERED this 3rd day of September 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[3] *See supra* note 2.